# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO.  311-08277 |
| THOMAS TOWNE, | ) |
| | ) JUDGE MARIAN F. HARRISON |
| Debtor. | ) |
| | ) Chapter 7 |
| | ) |
| SUSAN R. LIMOR, TRUSTEE, | ) ADV. NO. 313-90243 |
| | ) |
| Plaintiff, | ) JURY DEMAND |
| | ) |
| v. | ) |
| | ) |
| GREEN OAKS PARTNERS, LLC, | ) |
| PETER G. SWAN, and SIDNEY OKO, | ) |
| | ) |
| Defendants. | ) |

_____

## MEMORANDUM OPINION
_____

In the above-styled adversary, the Chapter 7 Trustee (hereinafter "Trustee") raises claims for violation of Illinois law for breach of fiduciary duty and conversion in connection with a joint venture relating to land and a billboard sign lease. Summary judgment motions were filed by Sidney Oko (hereinafter "Mr. Oko") and Green Oaks Partners, LLC

(hereinafter "GOP") (hereinafter collectively "the defendants").[1] The Court notes the overwhelmingly voluminous pleadings and exhibits filed in connection with these motions for summary judgment and finds that summary judgment is not appropriate based on the multiple disputed material facts.

Pursuant to Fed. R. Civ. P. 56(a), as incorporated by Fed. R. Bankr. P. 7056, an entry of summary judgment is mandated "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, the Court "must view the evidence and draw all reasonable inferences in favor of the nonmoving party." ***Browning v. Levy,*** 283 F.3d 761, 769 (6th Cir. 2002) (citation omitted). The Court does not "'weigh the evidence and determine the truth of the matter but . . . determine[s] whether there is a genuine issue for trial.'" ***Id.*** (citation omitted). "A genuine issue for trial exists only when there is sufficient 'evidence on which the jury could reasonably find for the plaintiff.'" ***Id.*** (citation omitted).

In the present case, the defendants make several arguments as to why summary judgment is appropriate. First, the defendants assert that the sign lease in question was assigned to GOP rather than the debtor and that the document relied upon by the Trustee is not genuine. The Trustee, on the other hand, asserts that the real lease assignment is the one

---

[1] Peter Swan also filed a motion for summary judgment. His motion was granted on different grounds.

assigning the proceeds to the debtor. The Trustee also bases her breach of fiduciary duty claim in part upon the existence of an agreement among GOP, Peter Swan, and Mr. Oko with the debtor for a joint venture whereby the sign rental income was to be paid to the debtor. Which version of events is credible and which documents are verified and controlling in this case are questions of material fact that should be decided by the jury.

Second, the defendants assert that to the extent the Trustee is relying upon an oral agreement transferring real estate, such agreement would be a violation of the Illinois statute of frauds. The Trustee is not asserting a claim for breach of contract, nor does it appear that the Trustee is seeking to enforce any agreement that might have been created during an oral conversation. Additionally, the defendants reiterate that the lease assignment relied upon by the Trustee is false, and therefore, it would not satisfy the statute of frauds either. The Trustee argues that the agreement she is relying on was a joint venture arrangement, and such agreements are not covered by the Illinois statue of frauds. A determination of which lease assignment is authentic and whether there was a joint venture agreement are questions of material fact to be decided by a jury. Only then can it be determined whether the Illinois statute of frauds applies.

Third, the defendants assert that the debtor was not entitled to a share of the net profits from the sale of the property in 2007 and that the debtor should have been pleased with the over $950,000 in advances, payments, and loans he received from GOP and Mr. Oko. There

are material facts in dispute as to who was owed and how much, as well as who was paid and how much. A determination of damages in this case is not appropriate for summary judgment.

Finally, the defendants assert that the agreement relied upon by the Trustee is against public policy and cannot be enforced under the doctrine of *in pari delicto* ("equal in fault"). The defendants submit that because the Trustee stands in the shoes of the debtor, she is prevented from enforcing any claims the debtor might have. The defendants are correct that the Trustee stands in the shoes of the debtor, **Peterson v. McGladrey & Pullen, LLP**, 676 F.3d 594, 598-99 (7th Cir. 2012) (citations omitted), but factual disputes preclude summary judgment in this case. Under the doctrine of *in pari delicto*, Illinois courts will not enforce a contract where the parties are equally at fault "but will leave both parties where it finds them." **O'Hara v. Ahlgren, Blumenfeld & Kempster**, 127 Ill. 2d 333, 348, 537 N.E.2d 730, 737 (1989) (citation omitted). In the present case, there remain genuine disputes about what constituted the binding agreement, whether there was any improper conduct, or if so, whether the debtor was more at fault than the others. These factual determinations are best left for a jury to decide.

Accordingly, the Court finds that the summary judgment motions of Mr. Oko and GOP should be denied.

4 - U.S. Bankruptcy Court, M.D. Tenn.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.